■ Eva Wells, as Administratrix of the Estate of Leroy Wells, Deceased, Respondent, v. Dorothy Sinning et al., Appellants. (And Two Other Actions.) — Judgment of the Supreme Court, Queens County, entered February 7, 1969, modified, on the law and the facts, subject to the conditions set forth below: (1) by striking from the first decretal paragraph all the matter setting forth the amounts of plaintiff administratrix' recovery of principal and interest and the amount of the total of her recovery; (2) by substituting therefor the sum of $15,000 as her recovery (upon the cause of action for pain, suffering and medical expenses) and the sum of $15,505.10 as he total, embracing said $15,000 and $505.10 costs and disbursements; (3) by adding a provision that, as to plaintiff administratrix' cause of action for wrongful death, a new trial is granted, limited to the issue of damages, and said cause is accordingly severed from the remainder of the case; and, as so modified, judgment affirmed, with costs to abide the event of the new trial. The above determination is conditioned upon the following: if plaintiff administratrix, within 30 days after entry of the order hereon, shall serve and file a written stipulation consenting to reduce the amount of her verdict on the cause of action for wrongful death from $100,000 to $70,000, to reduce the interest thereon accordingly, and to the entry of an amended judgment accordingly, then, in place of the above determination, the judgment, as so reduced and amended, is affirmed, without costs. In our opinion, the verdict on the wrongful death cause of action was excessive to the extent indicated herein. Appeal by defendant Long Island Rail Road from an "order" of the same court dated January 13, 1969, dismissed, without costs. Apparently no such order was made. A decision was rendered by the court on said date and no appeal lies from a decision. Hopkins, Acting P. J., Munder, Kleinfeld, Brennan and Benjamin, JJ., concur.

■■■■

## (April 27, 1970)

■ In the Matter of James Francione et al., Petitioners, v. New York State Liquor Authority, Respondent.— Motion by petitioners for a stay pending determination of proceeding. Motion dismissed as academic, without costs. The proceeding is decided herewith. Christ, P. J., Hopkins, Munder, Latham and Benjamin, JJ., concur.

■ In the Matter of Lawrence Lounge Inc., Respondent, v. State Liquor Authority, Appellant.— Motion by respondent to vacate the automatic stay resulting from the appeal taken by appellant and for other relief. Motion dismissed as moot. The appeal is decided herewith. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.